# *Exhibit A*

*Exhibit A*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., a Delaware corporation, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NAMARAJ KHATRI, as an individual, and on behalf of other members of the general public similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Francisco Superior Court
*(El nombre y dirección de la corte es):*
Civil Division - Civic Center Courthouse
400 McAllister Street, San Francisco, CA 94201

**CASE NUMBER:** CGC-14-542936

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald H. Bae, Aequitas Law Group, 500 S. Grand Ave., Ste. 1310, LA, CA 90071; Tel: (213) 223-7144

DATE: NOV 26 2014    CLERK OF THE COURT    Clerk, by Victoria Gonzalez, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED
Superior Court of California
County of San Francisco

NOV 26 2014

CLERK OF THE COURT
BY: _____ Deputy Clerk

Ronald H. Bae (SBN 186826)
AEQUITAS LAW GROUP
500 S. Grand Avenue, Suite 1310
Los Angeles, California 90071
Telephone: (213) 223-7144
Facsimile: (213) 223-7098

Attorneys for Plaintiff NAMARAJ KHATRI

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO – CIVIC CENTER COURTHOUSE

| | |
|---|---|
| NAMARAJ KHATRI, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTERCONTINENTAL HOTELS GROUP RESOURCES, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case Number: **CGC-14-542936**<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Labor Code §§ 510, 1194, and 1198 (Failure to Pay Overtime);<br><br>(2) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br><br>(3) Violation of California Labor Code §§ 201, 202, and 203 (Wages Not Timely Paid Upon Termination);<br><br>(4) Violation of California Business & Professions Code §§ 17200, *et seq.*<br><br>**Jury Trial Demanded** |

-1-
CLASS ACTION COMPLAINT

Plaintiff, NAMARAJ KHATRI, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## THE PARTIES

1. Plaintiff NAMARAJ KHATRI ("Plaintiff") is an individual over the age of eighteen years and was a resident of the State of California when the acts and omissions pleaded herein occurred.

2. Defendant INTERCONTINENTAL HOTELS GROUP RESOURCES, INC. ("INTERCONTINENTAL HOTELS") was and is, upon information and belief, a Delaware corporation, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

3. Plaintiff is unaware of the true names or capacities of defendants sued herein under the fictitious names DOES 1 through 100, but prays for leave to amend and serve such fictitiously named defendants pursuant to California Code of Civil Procedure § 474 once their names and capacities become known.

4. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100 are the partners, agents, owners, shareholders, managers or employees of Defendant INTERCONTINENTAL HOTELS and were acting on behalf of INTERCONTINENTAL HOTELS at all relevant times.

5. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to INTERCONTINENTAL HOTELS and DOES 1 through 100 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with and represent the official policy of Defendants.

6. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in

proximately causing the damages herein alleged.

7. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

8. This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for the class representative, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000.

9. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

10. This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

11. Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

13. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

14. The proposed class consists of and is defined as:

All non-exempt employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until certification of the class in this lawsuit.

15. Plaintiff reserves the right to establish sub-classes as appropriate.

16. There is a well-defined community of interest in the litigation and the class is readily ascertainable:

    a. <u>Numerosity</u>: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time, however, the class is sufficiently numerous and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b. <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the proposed class with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all similarly situated employees' as demonstrated herein.

    c. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are well-versed in the rules governing class action discovery, certification, and settlement. Plaintiff's counsel has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    d. <u>Superiority</u>: The nature of this action makes the use of class action

adjudication superior to other methods. Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

   e. <u>Public Policy Considerations</u>: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

17. There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

   a. Whether Defendants required Plaintiff and other class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation by failing to include the value of complimentary meals in class members' regular rate of pay for purposes of calculating their overtime rate of pay;

   b. Whether Defendants failed to pay legally required regular and overtime compensation to Plaintiff and other class members by requiring Plaintiff and other class members to put on and take off their uniforms and submit to security bag checks while off-the-clock;

   c. Whether Defendants deprived Plaintiff and other class members of rest periods or required them to work during rest periods without compensation;

   d. Whether Defendants failed to timely pay all wages due to Plaintiff and other class members upon their discharge or resignation;

   e. Whether Defendants' conduct was willful or reckless;

  f. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*; and,

  g. The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## GENERAL ALLEGATIONS

18. At all material times set forth herein, Defendants employed Plaintiff NAMARAJ KHATRI as a non-exempt morning server (also known as an "A.M. server") from on or around December 22, 2012 to on or around September 19, 2013 at Defendants' hotel located at 888 Howard Street, San Francisco, California 94103. Plaintiff's job duties included serving breakfast and lunch to patrons of the hotel restaurant.

19. At all material times set forth herein, Defendants employed Plaintiff and other similarly situated persons as non-exempt employees who belong to the class as set forth above.

20. At all material times set forth herein, Plaintiff and other similarly situated employees regularly worked in excess of 40 hours per week, and in excess of 8 hours per day, during the relevant time period.

21. Defendants provided Plaintiff and other similarly situated employees with one or more free meals during their shifts. However, Defendants consistently and systematically failed to include the value of these meals as part of Plaintiff and other similarly situated employees' regular rate of pay for purposes of computing their overtime rate of pay. Thus, Plaintiff and other similarly situated employees were systematically underpaid overtime wages as a result of Defendants' regular rate miscalculation.

22. Defendant required Plaintiff and other similarly situated employees to wear uniforms at work. Plaintiff and other similarly situated employees were required to change into uniform before clocking in for their shifts. Employees arrived at work in their usual clothes and collected a clean uniform from a room that Defendant designated for this purpose. Employees frequently had to wait in line to collect their uniforms. After collecting their uniforms, they changed into uniform in changing areas located within the hotel and made any necessary

adjustments to their uniforms, such as tying a tie or shining shoes. Employees then clocked in for the day.

23. At the end of the day, Plaintiff and other similarly situated employees were required to clock out while still in uniform. After clocking out, they changed out of uniform and deposited their uniforms for cleaning in an area designated by Defendant for this purpose. They were then required to submit to a security bag check before leaving the premises. The total daily time required to change into and out of uniform and submit to security bag checks was significant. Employees who were carrying a bag, purse, or similar item were required to open it for inspection so that Defendant could determine whether employees were stealing or attempting to steal from Defendant.

24. Plaintiff and other similarly situated employees were not permitted to change into their uniforms at home or work out of uniform. Plaintiff and other similarly situated employees were under Defendants' control during the time it took to change into and out of uniform and submit to the security bag checks. Consequently, Plaintiff and other similarly situated employees are owed regular and overtime wages for their pre- and post-shift time spent changing into and out of uniform and submitting to security bag checks.

25. Defendants maintained a rest period policy which fails to give effect to the "major fraction" language required by California law. The policy provides that one fifteen-minute paid break will be provided for every 4 hours worked. Thus, on its face, the policy does not provide for a rest period if employees work only 3.5 hours rather than 4 hours, or between 6 and 8 hours, as opposed to 8 full hours. As a result, Plaintiff and other similarly situated employees did not receive all rest periods to which they were entitled.

26. Defendants also failed to pay all wages due to former employees at the time of discharge, or within seventy-two (72) hours of resignation. Specifically, Plaintiff and other similarly situated employees were not paid (1) their unpaid overtime wages arising from Defendant's regular rate miscalculation as described herein; (2) their unpaid regular and overtime wages for time spent putting on and taking off uniforms off-the-clock; and (3) premium wages for non-compliant rest periods.

27. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

28. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other similarly situated employees were entitled to but did not receive accurate regular and overtime compensation.

29. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other class members were entitled to receive all rest periods or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant rest period.

30. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and other similarly situated employees were entitled to receive all wages due upon discharge or resignation within the applicable time period.

31. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and other similarly situated employees correctly according to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other similarly situated employees that they were properly denied wages, all in order to increase Defendants' profits.

32. California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510, 1194 and 1198

### (Against All Defendants)

33. Plaintiff incorporates by reference and re-alleges as if fully stated herein the

material allegations set out in paragraphs 1 through 32.

34. California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at minimum wage, and for overtime hours worked, it is unlawful to employ persons without compensating them at a rate of pay of either one and one-half times or twice that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

35. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and other similarly situated employees, who work more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of one and one-half times their regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

36. California Labor Code § 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

37. During the relevant time period, Plaintiff and other similarly situated employees regularly worked in excess of 40 hours per week, and in excess of 8 hours per day, during the relevant time period. Defendants, however, consistently and systematically failed to pay all overtime wages to Plaintiff and other similarly situated employees by failing to include the non-discretionary bonuses in calculating their regular and overtime rates of pay.

38. Defendants provided Plaintiff and other similarly situated employees with a free meal during every shift. However, Defendants consistently and systematically failed to include the value of these meals as part of Plaintiff and other similarly situated employees' regular rate of pay for purposes of computing their overtime rate of pay. Thus, Plaintiff and other similarly situated employees were systematically underpaid overtime wages as a result of Defendants' regular rate miscalculation.

39. Defendant required Plaintiff and other similarly situated employees to wear

-9-
CLASS ACTION COMPLAINT

uniforms at work. Plaintiff and other similarly situated employees were required to change into uniform before clocking in for their shifts. Employees arrived at work in their usual clothes and collected a clean uniform from a room that Defendant designated for this purpose. Employees frequently had to wait in line to collect their uniforms. After collecting their uniforms, they changed into uniform in changing areas located within the hotel and made any necessary adjustments to their uniforms, such as tying a tie or shining shoes. Employees then clocked in for the day.

40. At the end of the day, Plaintiff and other similarly situated employees were required to clock out while still in uniform. After clocking out, they changed out of uniform and deposited their uniforms for cleaning in an area designated by Defendant for this purpose. They were then required to submit to a security bag check before leaving the premises. The total daily time required to change into and out of uniform and submit to security bag checks was significant. Employees who were carrying a bag, purse, or similar item were required to open it for inspection so that Defendant could determine whether employees were stealing or attempting to steal from Defendant.

41. Plaintiff and other similarly situated employees were not permitted to change into their uniforms at home or work out of uniform. Plaintiff and other similarly situated employees were under Defendants' control during the time it took to change into and out of uniform and submit to the security bag checks. Consequently, Plaintiff and other similarly situated employees are owed regular and overtime wages for their pre- and post-shift time spent changing into and out of uniform and submitting to security bag checks.

42. Defendants' failure to pay Plaintiff and other similarly situated employees all regular and overtime wages due, as required by California laws, violates the provisions of California Labor Code §§ 510, 1194 and 1198, and is therefore unlawful.

43. Pursuant to California Labor Code § 1194, Plaintiff and other similarly situated employees are entitled to recover their unpaid regular wages, overtime compensation, as well as interest, costs, and attorneys' fees.

///

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of California Labor Code § 226.7

### (Against All Defendants)

44. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 43.

45. At all times herein set forth, the applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's and class members' employment by Defendants.

46. At all times herein set forth, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.

47. At all times herein set forth, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

48. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

49. During the relevant time period, Defendants maintained a rest period policy which fails to give effect to the "major fraction" language required by California law. The policy provides that one fifteen-minute paid break will be provided for every 4 hours worked. Thus, on its face, the policy does not provide for a rest period if employees work only 3.5 hours rather than 4 hours, or between 6 and 8 hours as opposed to 8 full hours. As a result, Plaintiff and other similarly situated employees did not receive all rest periods to which they were entitled.

50. During the relevant time period, Defendants failed to pay Plaintiff and other class members the full rest period premium due pursuant to California Labor Code § 226.7.

51. During the relevant time period, Defendants had no policy relating to payment of

-11-
CLASS ACTION COMPLAINT

rest period premiums pursuant to California Labor Code § 226.7.

52. Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

53. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff and other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

### THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 201, 202, and 203

### (Against All Defendants)

54. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 53.

55. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

56. Defendants failed to pay all wages due to Plaintiff and other similarly situated employees at the time of their discharge, or within seventy-two (72) hours of their resignation. Specifically, Plaintiff and other similarly situated employees were not paid (1) their unpaid overtime wages arising from Defendant's regular rate miscalculation as described herein; (2) their unpaid regular and overtime wages for time spent donning and doffing uniforms off-the-clock; and (3) premium wages for non-compliant rest periods.

57. Defendants' failure to pay Plaintiff and other similarly situated former employees all of their wages at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is a violation of California Labor Code §§ 201 and 202.

58. All California employers know or should know that non-discretionary bonuses must be included in calculating the employees' regular rate of pay. Thus, Defendants' failure to abide by this well-established California law was willful and was not in good faith.

59. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced, but the wages shall not continue for more than thirty (30) days.

60. Plaintiff and other similarly situated employees are entitled to recover from Defendants the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code § 203.

### FOURTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200, *et seq*.**

**(Against All Defendants)**

61. Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 60.

62. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, similarly situated employees and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

63. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

64. A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. In the instant case, Defendants' policies and practices of (1) failing to include the value of complimentary meals provided to employees in calculating their overtime rate of pay and (2) failing to pay employees for time spent putting on and taking off uniforms and submitting to security bag checks violate California Labor Code §§

510, 1194 and 1198; Defendants' policy and practice of requiring Plaintiff and other class members to work through their rest periods without paying them proper compensation violates California Labor Code §§ 226.7 and 512(a); and Defendants' policy and practice of not timely paying all wages owed to Plaintiff and other similarly situated employees upon resignation or termination violates California Labor Code §§ 201, 202, and 203.

65.  Plaintiff and other similarly situated employees have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money or property.

66.  Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and other similarly situated employees are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and other similarly situated employees; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Cause of Action

1.  That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all wages due to Plaintiff and class members, including wages for time spent donning and doffing uniforms and submitting to security bag checks and overtime wages arising from the failure to include the value of complimentary meals in the regular rate of pay;

2.  For general unpaid wages at the applicable overtime wage rates and such general

1 and special damages as may be appropriate;

2     3. For pre-judgment interest on any unpaid wages commencing from the date such amounts were due; and

4     4. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a).

<u>As to the Second Cause of Action</u>

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code § 226.7 and applicable IWC Wage Orders by wilfully failing to provide rest periods to Plaintiff and class members;

6. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a compliant rest period was not provided;

7. For all actual, consequential, and incidental losses and damages, according to proof;

8. For premiums pursuant to California Labor Code § 226.7(b); and

9. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay Plaintiff and class members all compensation (including unpaid wages for time spent donning and doffing uniforms and unpaid overtime wages arising from the failure to include the value of complimentary meals in the regular rate of pay) owed to them at the time of their separation from employment;

11. For all actual, consequential and incidental losses and damages, according to proof;

12. For statutory penalties pursuant to California Labor Code § 203; and

13. For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Fourth Cause of Action</u>

14. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, *et seq.* by failing to pay Plaintiff and class members all

1 regular and overtime wages due to them under California Labor Code §§ 510, 1194, and 1198; failing to pay premium wages for all late, short, or missed rest periods to Plaintiff and class members under California Labor Code §§ 226.7 and 512; and failing to timely pay all wages due upon employees' resignation or termination under California Labor Code §§ 201-203.

15. For restitution of unpaid wages to Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

16. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200, *et seq.*;

17. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

18. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq.*; and

19. For such other and further relief as the Court may deem equitable and appropriate.

Dated: November 25, 2014

AEQUITAS LAW GROUP

By: _____
RONALD H. BAE
Attorneys for Plaintiff NAMARAJ KHATRI